UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20453-CIV-GRAHAM/DUBÉ

MARK ANTHONY SHARPE,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on the Application for Attorney Fees Under the Equal Access to Justice Act filed by the Plaintiff (D.E. #20) pursuant to a Clerk's Notice of Magistrate Judge Assignment entered by the Clerk of Court, United States District Court for the Southern District of Florida. This Court has reviewed the motion, the response by the Government and the file in this cause.

On July 26, 2010, a Final Judgment of Remand was entered by Judge Donald L. Graham reversing and remanding this cause for further proceedings. (D.E. #19).

The present motion for attorney's fees seeks an award of fees pursuant to the Equal Access to Justice Act (hereinafter "EAJA"). The motion indicates that 8.55 hours were spent on this case, at the rate of $ 178.53 per hour, for a total fee recovery sought of $1,526.43. The Government's Response indicates no objection to a payment of EAJA fees in that amount. However, the Government's Response indicates that based on Ratliff, the EAJA fee is payable to the Plaintiff as the litigant and subject to satisfy any pre-existing debt that the litigant owes to the United States.

Astrue v. Ratliff, 130 S.Ct. 2521 (2010). Therefore, the Government requests the Court's Order reflect that the EAJA fee be made payable to the Plaintiff.

Counsel for the Plaintiff has not filed a reply to the Government's response and the time provided for in the Rules has passed.

This Court has reviewed the affidavit of counsel for the Plaintiff and finds that both the amount of time expended and the hourly rate requested are reasonable, and that the total amount sought by the Plaintiff for fees should be awarded. This Court notes that the Plaintiff assigned any EAJA fees to be paid directly to his attorneys. (D.E. #20, pg. 8).

Additionally, this Court notes that in Ratliff, the Supreme Court held that EAJA fees award is payable to the litigant and subject to a government offset to satisfy a pre-existing debt that the litigant owes the United States. Ratliff, 2524. In the instant matter, any pre-existing debt owed to the United States is subject to offset. However, since there is an Assignment of EAJA fees directly to the attorney, once the pre-existing debt, if any, is satisfied, any remaining balance shall be made payable to counsel for the Plaintiff.

Accordingly, it is the recommendation of this Court that the Application for Attorney Fees Under the Equal Access to Justice Act (D.E. #20) be **GRANTED** and that the Plaintiff should be entitled to recover for **8.55** hours of work performed in this case at the rate of $178.53 per hour, resulting in a total recovery of **$1,526.43** as attorney's fees. In accordance with the agreement of counsel, the fees should be payable to the Plaintiff's attorney, Adam Scott Neidenberg, subject to offset to satisfy any preexisting debt that the Plaintiff owes to the United States. Id.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from service of this Report and Recommendation to serve and file written objections, if any, with the Honorable

Donald L. Graham, United States District Judge. Failure to file timely objections shall bar the parties from attacking on appeal the factual findings contained herein. <u>Loconte v. Dugger</u>, 847 F.2d 745 (11th Cir. 1988), <u>cert. denied</u>, 488 U.S. 958 (1988); <u>R.T.C. v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND ORDERED** this **15** day of October, 2010.

ROBERT L. DUBÉ
UNITED STATES MAGISTRATE JUDGE